UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAN THOMPSON, M.D.,

                                        Plaintiffs,

                    -against-

THE   JAMAICA   HOSPITAL   MEDICAL
CENTER, NYU HOSPITALS CENTER, NEW
YORK   UNIVERSITY   MEDICAL   CENTER,
NYU   LANGONE   MEDICAL   CENTER,
NYU HOSPITAL FOR JOINT DISEASES,

                                        Defendants.
------------------------------------------------------------x

Civil Action No.
13-cv-1896 (RWS)(AJP)


MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR F.R.CP. RULE 37 DISMISSAL AND PRECLUSION MOTION


                         Respectfully Submitted,

                         Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                         Attorneys for Defendants
                         NYU Hospitals Center, New York University
                         Medical Center, NYU Langone Medical Center,
                         NYU Hospital for Joint Diseases
                         150 East 42nd Street
                         New York, New York 10017-5639
                         Ph: (212) 490 – 3000
                         Fx: (212) 490-3038
                         File No.: 11328.00017



Counsel:      Ricki E. Roer
              William Cusack

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF RELEVANT FACTS ................................................. 1

STANDARD OF REVIEW ................................................................... 6

ARGUMENT ..................................................................................... 7

POINT I

PLAINTIFF'S NON-COMPLIANCE WITH DISCOVERY DEMANDS AND THIS HONORABLE COURT'S OCTOBER 22, 20114 ORDER WARRANTS F.R.C.P. RULE 37 DISMISSAL AND/OR PRECLUSION ............................................. 7

A. Plaintiff's Prolonged Failure To Comply With NYU Defendants' Discovery Demands And The Court's October 22, 2014 Order Meets the Definition or Willful Conduct ............................................................................. 8

B. Dismissal and/or Preclusion Warranted ....................................... 9

CONCLUSION ................................................................................... 11

6529878v.3

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>CASES</u>

24/7 Records, Inc. v. Sony Music Entm't, Inc.,
        566 F. Supp. 2d 305 (S.D.N.Y. 2008)................................................................. 9

Agiwal v. Mid Island Mortg. Corp.,
        555 F.3d 298 (2d Cir. 2009)........................................................................... 7

Alli v. Warden of R.N.D.C. (Rikers Island),
        2014 U.S. Dist. LEXIS 71216 (S.D.N.Y. May 20, 2014)................................ 10

Ashkinazi v. Sapir,
        2005 U.S. Dist. LEXIS 3543 (S.D.N.Y. March 8, 2005) ................................ 9

Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp.,
        2005 U.S. Dist. LEXIS 7283 (S.D.N.Y. Apr. 28, 2005)................................ 9

Balkum v. Gonzalez,
        2014 U.S. Dist. LEXIS 76175 (N.D.N.Y Apr. 21, 2014) ............................... 10

Bambu Sales v. Ozak Trading,
        58 F.3d 849 (2d Cir. 1995)........................................................................... 9

Cine Forty-Second St. Theatre v. Allied Artists,
        602 F.2d 1062 (2d Cir. 1979).....................................................................7-8

Davis v. Artuz,
        2001 U.S. Dist. LEXIS 384 (S.D.N.Y. Jan. 19, 2001)...................................... 8

Ellis v. Asset Prot. & Sec. Servs., LP,
        2011 U.S. Dist. LEXIS 109598 (S.D.N.Y. Sept. 27, 2011)............................... 8

Gordon v. Murnane,
        2012 U.S. Dist. LEXIS 121290 (N.D.N.Y July 16, 2012)................................ 10

Hunter v. N.Y. State Dep't of Corr. Servs.,
        515 Fed. Appx. 40 (2d Cir. 2013) ................................................................ 9

Jackson v. Scotts Co.,
        2009 U.S. Dist. LEXIS 14454 (S.D.N.Y. Feb. 10, 2009)................................ 8

Lee v. Graziano,
        2014 U.S. Dist. LEXIS 49429 (N.D.N.Y Mar. 18, 2014).................................. 9

Lopez v. City of N.Y.,
        2007 U.S. Dist. LEXIS 68963 (E.D.N.Y. Sept. 18, 2007)................................ 9

Martens v. Thomann,
        273 F.3d 159 (2d Cir. 2001)........................................................................... 9

Momah v. Massena Mem'l Hosp.,
        2000 U.S. Dist. LEXIS 7050 (N.D.N.Y May 15, 2000).................................... 8

6529878v.3

Monaghan v. SZS 33 Associates, L.P.,
    148 F.R.D. 500 (S.D.N.Y. 1993) ................................................................. 8

Nat'l Hockey League v. Metro. Hockey Club, Inc.,
    427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) .................................... 7

Nieves v. City of N.Y.,
    208 F.R.D. 531 (S.D.N.Y. 2002) ................................................................. 8

Roberts v. Ground Handling Int'l, Inc.,
    2007 U.S. Dist. LEXIS 69992 (S.D.N.Y. Sept. 20, 2007)................................... 9

Salahuddin v. Harris,
    782 F.2d 1127 (2d Cir. 1986)..................................................................... 7

SEC v. Razmilovic,
    738 F.3d 14 (2d Cir. 2013)....................................................................... 7

Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers,
    357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).................................... 7

Southern New Eng. Tel. Co. v. Global NAPs Inc.,
    624 F.3d 123 (2d Cir. 2010)..................................................................... 7

Valentini v. Citicorp Fin. Servs. Corp.,
    2014 U.S. App. LEXIS 23942 (2d Cir. 2014) ................................................ 6

## RULES

F.R.C.P. 26 ......................................................................................... *passim*
F.R.C.P. 37........................................................................................... *passim*

## STATUTES

New York Labor Law §§ 740 et seq. ............................................................. 1,2

New York Labor Law §§ 741 et seq. ............................................................. 1,2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendants NYU Hospitals Center, New York University Medical Center, NYU Langone Medical Center, and NYU Hospital for Joint Diseases' (collectively referred to as "NYU Defendants")[1] motion for a F.R.C.P. Rule 37 order: (1) dismissing any and all damages claims against NYU Defendants; or, (2) in the alternative, prohibiting plaintiff from introducing any evidence of damages against NYU Defendants.

Rule 37 relief is warranted because plaintiff has failed to comply with this Honorable Court's October 22, 2014 Order directing plaintiff to produce documentary evidence of claimed damages. Plaintiff's present claims were filed under New York Labor Laws §§ 740 and 741, which limits damages to lost wages and benefits. NYU Defendants first demanded documentary evidence of plaintiff's claimed damages in October 2013. On October 22, 2014, after a year of good faith attempts by NYU Defendants to obtain the documents, this Honorable Court ordered plaintiff to produce the documents. To date, plaintiff has failed to produce the requested documents and, in fact, has stated that he will not produce them. Plaintiff's willful non-compliance with NYU Defendants' discovery demands and this Honorable Court's October 22, 2014 Order warrants dismissal of all damages claims against NYU Defendants or the preclusion of any evidence in support of plaintiff's alleged damages against NYU Defendants.

## STATEMENT OF RELEVANT FACTS

Plaintiff alleges that his academic and medical appointments at NYU School of Medicine ("School") and NYU Hospitals Center were terminated in retaliation for his whistle-blowing complaints in violation of New York Labor Laws §§ 740 and 741. Under New York Labor Laws

---

[1] New York University Medical Center, NYU Langone Medical Center, and NYU Hospital for Joint Diseases are not legal entities amenable to suit and are improper defendants in this matter.

1

§§ 740 and 741, plaintiff's damages are limited to lost wages and benefits.  Plaintiff's annual salary as an Assistant Professor (Clinical) in the School's Department of Orthopaedic Surgery was $50,000/year.  Plaintiff's two-year employment contract with the NYU Defendants was set to expire on September 1, 2012.  Plaintiff's employment was terminated on June 30, 2012, two months prior to his contract's expiration date. The remaining unpaid two-month portion of plaintiff's employment contract with NYU Defendants amounted to $8,077. Upon information and belief, plaintiff fully mitigated his damages through earnings from his own private medical practice, employment with North Shore Long Island Jewish Health System, and other income sources. Attached hereto as Exhibits "A", "B", and "C" are the complaint, plaintiff's employment contract, and plaintiff's termination letter.

NYU Defendants have been attempting to obtain plaintiff's discovery response regarding his damage claim since the inception of this suit.  Plaintiff's F.R.C.P. Rule 26 initial disclosures, served on or about September 16, 2013, failed to provide, inter alia, a computation of damages as required by F.R.C.P. Rule 26 (A)(1)(a)(iii).  Attached hereto as Exhibit "D" are plaintiff's F.R.C.P. Rule 26 initial disclosures.

On October 3, 2013, NYU defendants requested documents related to, inter alia: plaintiff's claim for monetary damages including, but not limited to, documents that establish or tend to establish the amount of damages he claimed for back pay, lost bonuses or other benefits. On February 11, 2014, more than four months later, plaintiff partially responded to NYU Defendants' initial document demands and stated that he would provide the requested documents related to his alleged damage claim under separate cover. Attached hereto as Exhibits "E" and "F" are NYU Defendants' initial document demands and plaintiff's response to same.

On February 21, 2014, and March 14, 2014, NYU Defendants attempted in good faith to resolve plaintiff's deficient document production. After almost two months, plaintiff responded to NYU Defendants' document demands by stating that the requested documents were not reasonably directed at discoverable evidence and were outside the scope of the instant matter. Attached hereto as Exhibit "G" is the relevant correspondence.

On May 1, 2014, after exhausting its good faith efforts to obtain necessary discovery, NYU Defendants sought this Honorable Court's intervention in obtaining the necessary documents. On May 8, 2014, the parties appeared before this Honorable Court to discuss, inter alia, plaintiff's deficient document production. At the appearance, plaintiff agreed to produce documents responsive to NYU Defendants' request for evidence of damages. Attached hereto as Exhibit "H" is NYU Defendants' correspondence seeking the Court's intervention.

On August 21, 2014, after plaintiff had failed to provide any evidence of damages, NYU Defendants attempted once again in good faith to resolve the discovery dispute; plaintiff again failed to respond. NYU Defendants attempted again on August 25, 2014, to speak with plaintiff but yet again plaintiff failed to respond. On September 5, 2014, NYU Defendants were finally able to speak with plaintiff regarding plaintiff's deficient discovery production and plaintiff promised to provide the requested discovery by September 12, 2014. By September 16, 2014, plaintiff had failed to provide the requested discovery. On September 19, 2014, plaintiff responded and stated that he would provide the requested discovery by September 23, 2014; plaintiff failed to do so. Attached hereto as Exhibit "I" is the relevant correspondence.

On September 24, 2014, NYU Defendants moved this Honorable Court to compel plaintiff to produce evidence supporting his alleged damages and/or mitigation thereof. On October 22, 2014, after oral argument was heard, this Honorable Court issued an Order directing

plaintiff to produce evidence supporting his alleged damages and/or mitigation thereof by November 21, 2014. Specifically, the October 22, 2014 Order required plaintiff to produce the following:

(1) A computation of damages, including but not limited to a specific formula indicating how plaintiff's theory of damages is supported, along with supporting documents;

(2) documents related to plaintiff's claim for lost income including but not limited to full and complete federal and state income tax returns for the years beginning in 2012 and documents regarding employment or self-employment held or sought during the time period beginning May 1, 2010, including, without limitation, resumes and/or applications submitted, offers of employment, paycheck stubs, wage statements, employment contracts, and documents relating to any income or benefits provided by any employer or potential employer to plaintiff;

(3) documents related to his mitigation efforts;

(4) documents related to his claim for lost malpractice premiums;

(5) documents related to his claim for lost health insurance premiums;

(6) documents related to his claim for lost dental insurance premiums; and,

(7) documents related to his claim for lost surplus bonuses.

Although the Court ordered plaintiff to provide the requisite documents by November 21, 2014, plaintiff failed to do so. Attached hereto as Exhibit "J" are documents related to NYU Defendants' motion to compel and the October 22, 2014 Order.

On November 21, 2014, plaintiff contacted NYU Defendants and informed them that documents would be provided by November 22, 2014. Plaintiff failed to provide the requisite documents as promised. On December 1, 2014, after not having received any documents in

4

compliance with the October 22, 2014 Order, NYU defendants contacted plaintiff regarding his non-compliance. In response, plaintiff confirmed that he had not sent the documents by November 21, 2014, as Ordered or by November 22, 2014 as promised. Indeed, plaintiff stated that he had served documents via regular mail on November 26, 2014, which NYU Defendants had failed to receive by December 1, 2014. Attached hereto as Exhibit "K" is the relevant correspondence.

Ultimately, the NYU Defendants received documents purportedly complying with the October 22, 2014 Order. However, the only documents produced by plaintiff were <u>portions</u> of his 2012 and 2013 federal tax forms. Contrary to the Court's October 22, 2014 Order, plaintiff failed to produce the following documents:

(1) A computation of damages, including but not limited to a specific formula indicating how plaintiff's theory of damages is supported, along with supporting documents;

(2) documents related to plaintiff's claim for lost income including but not limited to <u>full and complete</u> federal and state income tax returns for the years beginning in 2012 and documents regarding employment or self-employment held or sought during the time period beginning May 1, 2010, including, without limitation, <u>resumes</u> and/or <u>applications submitted</u>, <u>offers of employment</u>, <u>paycheck stubs</u>, <u>wage statements</u>, <u>employment contracts</u>, and <u>documents relating to any income or benefits provided by any employer or potential employer to plaintiff</u> (emphasis added);

(3) documents related to his mitigation efforts;

(4) documents related to his claim for lost malpractice premiums;

(5) documents related to his claim for lost health insurance premiums;

(6) documents related to his claim for lost dental insurance premiums; and,

(7) documents related to his claim for lost surplus bonuses.

In lieu of providing the documents as ordered by this Honorable Court, plaintiff objected to the Order as, inter alia, overly broad, unduly vague, unreasonably burdensome, and refused to provide the as ordered documents unless NYU defendants first provided documents to him. Attached hereto as Exhibit "L" is plaintiff's response to the October 22, 2014 Order.

On January 21, 2015, in another good faith attempt to obtain documents, NYU Defendants met and conferred with plaintiff regarding the deficient document production and requested that plaintiff comply with the October 22, 2014 Order. In response, plaintiff stated that he did not possess any additional documents responsive to the October 22, 2014 Order and would not be producing any further documents in compliance with same.

## **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that, if a party 'fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders,' including dismissing the action or proceeding in whole or in part." Valentini v. Citicorp Fin. Servs. Corp., 2014 U.S. App. LEXIS 23942 (2d Cir. 2014) (citing Fed. R. Civ. P. 37(b)(2)(A)). Specifically, under F.R.C.P. 37(b)(2)(A), where a party fails to provide discovery pursuant to court order, the court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F.R.C.P. 37(b)(2)(A). "Several factors may be useful in evaluating a district court's exercise of discretion to impose sanctions, including (1) the willfulness of the non-compliant party or the

reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." <u>SEC v. Razmilovic</u>, 738 F.3d 14, 25 (2d Cir. 2013). Sanctions under F.R.C.P. Rule 37 are "appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298 (2d Cir. 2009) (<u>citing Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

## <u>ARGUMENT</u>

## <u>POINT I</u>

### <u>PLAINTIFF'S NON-COMPLIANCE WITH DISCOVERY DEMANDS AND THIS HONORABLE COURT'S OCTOBER 22, 20114 ORDER WARRANTS F.R.C.P. RULE 37 DISMISSAL AND/OR PRECLUSION</u>

Plaintiff's 15-month long failure to provide documentary evidence in support of his claimed damages and failure to comply with the Honorable Court's October 22, 2014 Order necessitates a finding of willfulness and dismissal and/or preclusion under F.R.C.P. Rule 37 as a result. NYU Defendants respectfully request an order:

1. Dismissing any and all damages claims against NYU Defendants; or, in the alternative,

2. Prohibiting plaintiff from supporting his claim for damages by introducing evidence of damages against NYU Defendants in this litigation.

<u>Southern New Eng. Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123 (2d Cir. 2010) ("dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned'")(<u>citing Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (2d Cir. 1986); <u>Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers</u>, 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958); <u>Cine</u>

7

Forty-Second St. Theatre v. Allied Artists, 602 F.2d 1062, 1067 (2d Cir. 1979); Ellis v. Asset Prot. & Sec. Servs., LLP, 2011 U.S. Dist. LEXIS 109598 (S.D.N.Y. Sept. 27, 2011) (motion for preclusion granted where plaintiff's failed to comply with the court's order); Jackson v. Scotts Co., 2009 U.S. Dist. LEXIS 14454 (S.D.N.Y. Feb. 10, 2009) (granting "motion to preclude plaintiff from offering, among other things, any evidence of economic damages in consequence of her failure to comply with discovery obligations"); Momah v. Massena Mem. Hosp., 2000 U.S. Dist. LEXIS 7050 (N.D.N.Y May 15, 2000) (motion to preclude granted because plaintiff willfully and repeatedly failed to comply with discovery orders and was precluded at trial from presenting any evidence of damages in the form of economic loss).

### A. **Plaintiff's Prolonged Failure To Comply With NYU Defendants' Discovery Demands And The Court's October 22, 2014 Order Meets the Definition or Willful Conduct**

Since October 3, 2013, NYU Defendants have attempted to obtain documentary evidence of plaintiff's alleged damages. Despite NYU Defendants' multiple good faith attempts to obtain the necessary documentary evidence and plaintiff's promise to produce same, plaintiff has failed to provide it.  Even after being ordered by this Honorable Court to produce the documentary evidence including, inter alia, initial disclosures under F.R.C.P. Rule 26, plaintiff still refused to do so stating that the Court's order was, among other things, overly broad, unduly vague, and unreasonably burdensome. As a matter of law, plaintiff's actions rise to the level of a willful failure to comply with reasonable and necessary discovery demands and the Court's Order. Nieves v. City of N.Y., 208 F.R.D. 531 (S.D.N.Y. 2002) ("'a party's persistent refusal to comply with a discovery order' presents sufficient evidence of willfulness, bad faith or fault") (citing Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993); Davis v. Artuz, 2001 U.S. Dist. LEXIS 384 (S.D.N.Y. Jan. 19, 2001) ("Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them,

8

and when the party's noncompliance is not due to factors beyond the party's control"); Lopez v. City of New York, 2007 U.S. Dist. LEXIS 68963 (E.D.N.Y. Sept. 18, 2007) (granting motion to preclude plaintiff from introducing any damages evidence not already produced in support of her damages claims); 24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008) (theory of damages precluded because plaintiff failed to make mandatory initial disclosure).

### B.  Dismissal and/or Preclusion Warranted

Plaintiff's 15-month long willful non-compliance renders dismissal and/or preclusion the appropriate remedy.  Lee v. Graziano, 2014 U.S. Dist. LEXIS 49429 (N.D.N.Y Mar. 18, 2014) (dismissing complaint against defendant because where plaintiff failed to respond for fourteen months, "it is fair to conclude that imposing sanctions other than dismissal would not serve any meaningful purpose); Roberts v. Ground Handling Int'l, Inc., 2007 U.S. Dist. LEXIS 69992 (S.D.N.Y. Sept. 20, 2007) (noting that failure to disclose damages theory in initial disclosures is alone sufficient to preclude evidence of it at trial); Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp., 2005 U.S. Dist. LEXIS 7283 (S.D.N.Y. Apr. 28, 2005) (precluding plaintiff from seeking damages where initial disclosures failed to mention them); Ashkinazi v. Sapir, 2005 U.S. Dist. LEXIS 3543 (S.D.N.Y. March 8, 2005) ("[A]n extended pattern of discovery failings or misconduct plainly will justify [dismissal or preclusion]"). Hunter v. N.Y. State Dep't of Corr. Servs., 515 Fed. Appx. 40 (2d Cir. 2013) (dismissing complaint because 14-month delay in providing discovery is inexcusably long); Bambu Sales v. Ozak Trading, 58 F.3d 849 (2d Cir. 1995) (in entering judgment against non-compliant party for inexcusable 15-month delay in providing discovery, the court stated that the non-complaint party "rolled the dice on the district court's tolerance for deliberate obstruction, and they lost");

9

Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (15-month delay necessitates dismissal of action).

Plaintiff was warned that his failure to comply with NYU Defendants' discovery demands could result in the dismissal and/or the preclusion of his claims.  Plaintiff was placed on notice time and time again, rendering Rule 37 remedies warranted at this juncture. Alli v. Warden of R.N.D.C. (Rikers Island), 2014 U.S. Dist. LEXIS 71216 (S.D.N.Y. May 20, 2014) (adversary letter serves as a warning of consequences of non-compliance); Balkum v. Gonzalez, 2014 U.S. Dist. LEXIS 76175 (N.D.N.Y Apr. 21, 2014) ("Defendants were clear in this correspondence that Plaintiff's failure to comply with [the Mandatory Pretrial Discovery and Scheduling Order] may result in dismissal of Plaintiff's complaint. Thus, Plaintiff was warned of the consequences of non-compliance"); Gordon v. Murnane, 2012 U.S. Dist. LEXIS 121290 (N.D.N.Y July 16, 2012) (letter from adversary serves as warning of consequences of non-compliance).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Honorable Court grant NYU Defendants' motion for an Order striking plaintiff's claim for damages in its entirety as against the NYU Defendants, or, in the alternative, precluding plaintiff from producing evidence regarding his alleged damages as against NYU Defendants, and for such other and further relief that this Honorable Court deems proper.

Dated:     New York, New York
           March 9, 2015

                                        Respectfully submitted,
                                        Wilson, Elser, Moskowitz,
                                        Edelman & Dicker LLP


                                        By: _____
                                            Ricki E. Roer
                                            William F. Cusack
                                            Attorneys for NYU Defendants
                                            150 East 42nd Street
                                            New York, New York 10017
                                            Ph: (212) 490-3000
                                            Fx: (212) 490-3038
                                            william.cusack@wilsonelser.com
                                            File No.: 11328.00014

To:     Via ECF

        Michelle L. Greenberg, Esq.
        Frier & Levitt, LLC
        84 Bloomfield Avenue
        Pine Brook, NJ 07058
        Ph: (973)-618-1660
        Fx: (973)-618-0650
        mgreenberg@frierlevitt.com

11

Gregory Bertram Reilly, III, Esq.
Adam G. Guttell, Esq.
Ruth Ann Ragan, Esq.
Martin Clearwater & Bell, LLP
220 East 42d Street
New York, NY 10017
Ph: (212) 916-0920
Fx: (212)-949-7054
gregory.reilly@mcblaw.com
adam.guttell@mcblaw.com
raganr@mcblaw.com

6529878v.3