```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

SEAN THOMPSON,

                Plaintiff,
                                              13 Civ. 1896(RWS)
     - against -
                                                OPINION and
THE JAMAICA HOSPITAL MEDICAL CENTER,               ORDER
NYU HOSPITALS CENTER, NEW YORK
UNIVERSITY MEDICAL CENTER, NYU LANGONE
MEDICAL CENTER, and NYU HOSPITAL FOR
JOINT DISEASES,

                Defendants.

-----------------------------------------X
```



6/19/15

A P P E A R A N C E S:

   Attorneys for the Plaintiff

   FRIER & LEVITT, LLC
   84 Bloomfield Ave.
   Pine Brook, NJ 07058
   By:  Jonathan E. Levitt, Esq.
        Michelle L. Greenberg, Esq.

   Attorneys for the NYU Defendants

   WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
   150 East 42nd Street
   New York, NY 10017
   By:  Ricki E. Roer, Esq.
        William Fuger Cusack, III, Esq.

Defendants NYU Hospitals Center, New York University Medical Center, NYU Langone Medical Center, and NYU Hospital for Joint Diseases (collectively, the "NYU Defendants") have moved pursuant to Federal Rule of Civil Procedure 37(b)(2) to either dismiss the damages claims against them or to preclude Plaintiff Sean Thompson ("Thompson" or the "Plaintiff") from introducing any evidence of damages against them, based on an alleged violation of the Court's October 22, 2014 Order compelling discovery.  For the reasons set forth below, the motion is granted in part and denied in part.

**Background and Prior Proceedings**

This is a diversity case alleging state-law whistleblower claims, brought by the Plaintiff, Sean Thompson, against five hospital organizations that previously employed him.  On March 31, 2013, Thompson filed a Complaint alleging that he was terminated from his employment at Jamaica Hospital[1] and his faculty position at NYU because he brought patient care and safety issues to the attention of his supervisors.  (Complaint, Dkt. No. 1.)  Thompson alleged that this termination violated Sections 740 and 741 of the New York Labor Law and demanded

---

[1] Defendant Jamaica Hospital Medical Center is represented by different counsel than the NYU Defendants and is not a party to this motion.

reinstatement in his former position, back pay and benefits, costs and attorney's fees, punitive damages, and any other relief the Court deems proper. (Id. at 5-7.)

On September 24, 2014, the NYU Defendants submitted a letter-motion to compel the Plaintiff to produce documents supporting various aspects of his damages claims.[2] After oral argument on October 15, 2014, the Court issued an Order requiring the Plaintiff to produce the requested documents by November 21, 2014 (the "October 22 Order" or the "Order"). In specific, Thompson was ordered to produce a computation of damages, including a formula for how the computation was generated and supporting documents; documents related to his claim for lost income, including tax returns from 2012 onwards and information about attempts to secure other employment from 2010 onwards; documents relating to damages mitigation; documents relating to lost malpractice, health, and dental insurance premiums; and documents relating to his claim of lost bonuses. (Order, Dkt. No. 43.) On November 26, 2014, after the deadline set by the Order, the Plaintiff produced 57 pages of documents. (Affidavit of Michelle Greenberg, Dkt. No. 64 (the "Greenberg Aff."), Ex. B.)

Viewing the production as insufficient, the NYU Defendants

---

[2] The letter-motion is not available on ECF.

filed the instant motion on March 9, 2015, seeking Rule 37 sanctions against Thompson for failure to provide discovery in response to the October 22 Order. (See Memorandum of Law in Support of Motion for F.R.C.P. Rule 37 Dismissal and Preclusion Motion, Dkt. No. 52 (the "NYU Mem.") at 1.) The NYU Defendants seek either dismissal of the damages claims against them or, in the alternative, to have Thompson precluded from introducing any evidence of damages against them. (Id.) The motion was heard on submission on May 20, 2015.

**Applicable Standard**

When a party fails to provide discovery in response to a court order, Federal Rule 37(b)(2) allows the Court to impose a variety of sanctions, from prohibiting certain claims and defenses to staying proceedings to dismissal of the action in whole or in part. Rule 37 requires that any sanction be "just," in order to ensure that "the severity of sanction [] be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007). A district court has "wide discretion" in determining what sanction is appropriate, Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991), but dismissal should not be imposed absent "willfulness, bad faith, or any fault" on the

part of the party that failed to comply. Shcherbakovskiy, 490 F.3d at 140 (quotation omitted).

**Analysis**

   **A. Plaintiff Has Not Complied With the October 22 Order**

As an initial note, it is undisputed that Thompson failed to produce the required documents by the November 21, 2014 deadline set by the Order. Thompson claims that he mailed the documents on November 26 (Plaintiff's Brief in Opposition to NYU Defendant's Motion to Dismiss, Dkt. No. 63 (the "Pl. Br."), at 3), while the NYU Defendants claim that they had still not received the production by December 1, and that they only received the documents at an unspecified later date. (NYU Mem. at 5.)

The parties differ on what the production contained. The NYU Defendants argue that "the only documents produced by plaintiff were portions of his 2012 and 2013 federal tax forms." (Id.) Thompson argues that he "produced all outstanding documents in his possession," and that the documents produced contained "pay stubs, post-termination insurance premiums, and tax returns." (Pl. Br. at 3.)

Inspection of the actual production, attached as Exhibit B

to the Affidavit of Michelle Greenberg, contradicts the NYU Defendants' representations that Thompson "did not produce any state tax records, applications, offers of employment, paycheck stubs, employment contracts, or other documents related to any income provided by any other employer." (NYU Defendants' Reply Memorandum of Law in Support of Motion for F.R.C.P. Rule 37 Dismissal and Preclusion Motion, Dkt. No. 65 (the "NYU Reply Mem."), at 4.)  Thompson's production included New York and New Jersey tax returns as well as his federal forms, plus insurance information and what appear to be pay stubs and W-2s from his post-termination employment.  The NYU Defendants' reply brief does not dispute that Exhibit B to the Greenberg Affidavit accurately reflects the production they received.

    However, inspection of the production also establishes Thompson's noncompliance with the October 22 Order.  His cover letter to the production lists each of the seven categories of documents in the October 22 order and follows them with specific objections and responses, asserting that some are vague, some unduly burdensome, and some require documents in the Defendants' possession.  (Greenberg Aff., Ex. B. at 1-3.)  For each category, Thompson reserves the right to supplement his response at a later date.  (Id.)  Thompson had an opportunity to challenge the appropriateness of the Order's terms last fall, during the resolution of the NYU Defendants' motion to compel.

That motion having been granted, Thompson was obligated to abide by its contents, not contest them further.

The documents produced by Thompson are responsive to three of the seven categories from the October 22 Order, covering lost income, lost malpractice premiums, and Thompson's mitigation evidence. (Id. at 1-2.) On three additional categories, covering lost health insurance premiums, lost dental insurance premiums, and lost surplus bonuses, Thompson has not produced anything because he asserts that all relevant documents are in the Defendants' possession. (Id. at 2-3.) Thompson was also ordered to produce "a computation of damages, including but not limited to a specific formula indicating how [his] theory of damages is supported, along with supporting documents," but declined to do so. Thompson asserted that the computation would require information in the possession of the Defendants, particularly concerning surplus bonuses, insurance, and compensation. (Id. at 1.) Rather than include the formula demanded in the Order, Thompson told the NYU defendants that they could see generally the entire 57-page production. (Id.)

It should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006). That computation is required in a plaintiff's initial disclosures pursuant to Rule

26(a)(1)(A)(iii), and requires both a dollar amount sought and some analysis explaining how that figure was arrived at. See Max Impact, LLC v. Sherwood Grp., Inc., No. 09 Civ. 902, 2014 WL 902649, at *5-6 (S.D.N.Y. Mar. 7, 2014). When a case such as this one has progressed into discovery, a more detailed calculation becomes necessary. See id.; see also Design Strategy, 469 F.3d at 295. Thompson was required to make this showing; merely gesturing at a large set of documents is not sufficient. See Design Strategy, 469 F.3d at 295. As with Thompson's other objections and reservations, the time to contest the appropriateness of the computation requirement was at the motion to compel stage, or at the time of initial disclosures. When the October 22 Order was issued, it was Thompson's responsibility to comply.

In sum, Thompson's production was insufficient to comply with the October 22 Order, at least inasmuch as it did not include a damages calculation, and perhaps in not including further documents.

### B. Further Production and Preclusion Are Warranted

The Second Circuit has laid out several factors useful for district courts making a discretionary Rule 37 sanctions determination, including 1) the willfulness of the noncompliant

party and the reason for noncompliance, 2) the efficacy of lesser sanctions, 3) the duration of the period of noncompliance, and 4) whether the noncompliant party had been warned of the consequences of noncompliance. Antonmarchi v. Consol. Edison Co. of N.Y., Inc., 514 F. App'x 33, 35 (2d Cir. 2013). In this case, the objections and responses in Thompson's cover letter, combined with his repeated refusal to provide a damages calculation against the NYU Defendants, show at least prima facie evidence of willful noncompliance. The length of the period of noncompliance is arguable, lasting from the issuance of the October 22 Order at a minimum and from the filing of initial disclosures at a maximum.

The NYU Defendants ask the Court to dismiss Thompson's claims against them or, in the alternative, to preclude Thompson from offering any evidence of damages against them. (NYU Mem. at 1.) Such drastic sanctions are not appropriate here. "Dismissal [under Rule 37] constitutes a denial of access to justice; if the disciplined party had a valid claim, dismissal results in injustice to that party and a windfall to its adversary. It therefore should be resorted to only to the minimum extent necessary to induce future compliance and preserve the integrity of the system." Litton Sys., Inc. v. AT&T, 91 F.R.D. 574, 576 (S.D.N.Y. 1981); accord Metro Found. Contractors, Inc. v. Arch Ins. Co., 551 F. App'x 607, 609-10 (2d

Cir. 2014). Precluding any evidence of damages against the NYU Defendants would have a functionally similar effect; while Thompson might win reinstatement if he ultimately prevails at trial (See Complaint, Dkt. No. 1, at 7), granting the preclusion the NYU Defendants seek would cut him off from virtually all other relief against them.

Although Thompson missed the deadline set by the October 22 Order and made an incomplete production, he did partially comply. Where a party has made a substantial effort to comply with a discovery order but was deficient in certain respects, lesser sanctions are generally appropriate. See, e.g., Ulyanenko v. Metro. Life Ins. Co., 275 F.R.D. 179, 185-86 (S.D.N.Y. 2011).

Thompson is therefore precluded from offering any documents not yet produced in discovery as evidence of damages against the NYU Defendants. He may of course use any evidence he has already produced, or produces within two weeks, any documents he acquires from the Defendants or third parties, or any documents acquired subsequent to the entry of this Opinion and Order.[3] Thompson must also produce his computation of damages within two weeks, relying on the documents he has produced or acquired through discovery.

---

[3] Thompson may also offer his 2014 tax returns, which would not have been generated at the time of the October 22 Order.

## Conclusion

The NYU Defendants' motion to dismiss or preclude pursuant to Rule 37 is therefore granted in part and denied in part, as set forth above.

It is so ordered.

New York, NY
June 19, 2015

ROBERT W. SWEET
U.S.D.J.