UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SEAN THOMPSON, M.D.,

                Plaintiff,              13 Civ. 1896

   -against-                            OPINION

THE JAMAICA HOSPITAL MEDICAL
CENTER, NYU HOSPITALS CENTER, NEW
YORK UNIVERSITY MEDICAL CENTER,
NYU LANGONE MEDICAL CENTER,
NYU HOSPITAL FOR JOINT DISEASES,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11/20/15

          Attorneys for Plaintiff

          FRIER & LEVITT, LLC
          84 Bloomfield Avenue
          Pine Brook, NJ 07058
          By:  Jonathan E. Levitt, Esq.
               Michelle L. Greenberg, Esq.

          Attorneys for Defendants

          MARTIN CLEARWATER & BELL, LLP
          220 East 42nd Street
          New York, NY 10017
          By:  Gregory Bertram Reilly, III, Esq.
               Adam G. Guttell, Esq.

          WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
          150 East 42nd Street
          New York, NY 10017
          By:  Ricki E. Roer, Esq.

**Sweet, D.J.**

Defendants NYU Hospitals Center, New York University Medical Center, NTYU Langone Medical Center, and NYU Hospital for Joint Diseases (collectively referred to as the "NYU Defendants") joined by defendant Jamaica Hospital Medical Center ("JHMC") (collectively with the NYU Defendants, the "Defendants") have moved pursuant to Fed. R. Civ. P. 37 to dismiss the Complaint of plaintiff Sean Thompson, M.D. ("Thompson" or the "Plaintiff"), or in the alternative to preclude the Plaintiff from producing evidence regarding his alleged damages. The Plaintiff has cross-moved to extend discovery. Both the motion and the cross-motion are granted in part and denied in part, as set forth below.

**Prior Proceedings**

Plaintiff filed his Complaint on March 21, 2013, alleging that his teaching position at the NYU School of Medicine and his medical appointment as director of the Total Joint Replacement Program at JHMC were terminated in retaliation for raising complaints about patient care, in violation of New York Labor

1

Law §§ 740 and 741, which protect whistleblowers. (See generally Complaint, Dkt. No. 1.)

The Defendants have repeatedly sought to have Thompson produce a computation of damages, as required by Fed. R. Civ. P. 26. On October 22, 2014, Thompson was Ordered to provide "a computation of damages, including but not limited to a specific formula indicating how plaintiff's theory of damages is supported, along with supporting documents." (Order, Dkt. No. 43, ¶1.) The Plaintiff did not provide the calculation as ordered; instead, he told the Defendants to see generally his entire 57-page document production. See Thompson v. Jamaica Hosp. Med. Ctr., No. 13 Civ. 1896, 2015 WL 3824254, at *3 (S.D.N.Y. June 19, 2015). In response, the NYU Defendants moved for Rule 37 sanctions on March 9, 2015, seeking an Order dismissing the damages claims against them or, in the alternative, an Order precluding Plaintiff from introducing damages evidence against them. (Dkt. Nos. 51 & 52.) By an Opinion dated June 19, 2015, the Court granted the motion in part and denied it in part, precluding Thompson from introducing any new and unproduced documents as evidence of damages against the NYU Defendants and ordering him to "produce his computation of damages within two weeks, relying on the documents he has

2

produced or acquired through discovery." Thompson, 2015 WL 3824254, at *4.

On July 4, 2015, counsel for the Plaintiff emailed Defendants a one-page letter stating the following:

> Please accept this letter as a supplement to Plaintiff's prior discovery responses and in compliance with Judge Sweet's Order of June 19, 2015. In addition to the information previously provided in responses to interrogatories, document demands, and deposition testimony, Plaintiff provides the following damage calculation:
> 
> - $50,000 salary from NYU
> - $250,000 salary from Jamaica Hospital
> - $110,000 in malpractice premium per year
> - Loss of 401k contribution of $17,500 per year
> - Health insurance premium cost of $301.00 per month
> - Dental insurance premium of $10.18 per month
> - Loss of surplus bonus from NYU/JHMC based on 80% of collections generated above salary. Plaintiff is not in possession of sufficient information to calculate the exact loss but will provide same once sufficient information is produced by defendants.
> - Statutory attorneys' fees and expenses.
> 
> Thank you for your attention to this matter.

(Letter, Dkt. No. 71-6.)

On July 28, 2015, the NYU Defendants filed the instant motion, seeking an Order "(1) dismissing plaintiff's complaint in its entirety as against the NYU Defendants, or, (2) in the alternative, precluding plaintiff from producing evidence regarding his alleged damages as against [the] NYU Defendants" as sanctions for his failure to provide the damages calculation.

3

(Dkt. No. 70.)  JHMC filed a letter two days later, joining the NYU Defendants' motion and asking for the same relief to apply to claims against JHMC as well.  (Dkt. No. 72.)  On August 10, 2015, Thompson filed his opposition to the motion for sanctions and filed a motion of his own seeking an extension of discovery.  (Dkt. Nos. 74-77.)  JHMC and the NYU Defendants filed their opposition briefs to the cross-motion on August 18 and August 19, respectively. (Dkt. Nos. 79-80 & 82)  The NYU Defendants filed their reply brief on the sanctions motion on August 25 (Dkt. No. 84), and the Plaintiff filed his reply brief on the cross-motion on September 3.  (Dkt. Nos. 86 & 87.)  The sanctions motion was heard on submission on August 26, 2015 (see Dkt. No. 73) and the cross-motion was heard on submission on September 9, 2015. (See Dkt. No. 82.)

**The Motion for Sanctions is Granted in Part**

Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Thompson was required to disclose "a computation of each category of damages claimed."  Although Rule 26 does not specify the level of specificity required, federal courts require more than merely setting forth the figure demanded; there must be some amount of explanation into how those figures were

4

generated. Max Impact, LLC v. Sherwood Grp., Inc., No. 09 Civ. 902, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (listing cases). "In other words, the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." Id. Where, as in this case, the litigation has progressed into discovery, a more detailed calculation may be necessary. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006).

The July 4 letter from Thompson's counsel falls well below what is required by Rule 26. The letter consists of eight bullet points indicating the total dollar amounts requested for some of the categories of damages Thompson claims, without any analysis of where those numbers came from or identification of the supporting documentation from which they could be derived. Thompson was on notice that this sort of quick list would be insufficient; the October 22, 2014 Order required him to provide "a computation of damages, including but not limited to a specific formula indicating how plaintiff's theory of damages is supported, along with supporting documents," while the June 19, 2015 Opinion, which granted the Defendants' motion for sanctions, emphasized that Rule 26 requires "both a dollar amount sought and some analysis explaining how that figure was arrived at," and explained that a "more detailed calculation"

5

would be required given how far this case has progressed. Thompson, 2015 WL 3824254, at *3.

As discussed in the June 19, 2015 Opinion, courts in the Second Circuit consider four factors in determining whether to impose sanctions for noncompliance with an order of the Court: first, the willfulness of the noncompliant party and the reason for noncompliance; second, the efficacy of lesser sanctions; third, the duration of the period of noncompliance; and fourth, whether the noncompliant party had been warned of the consequences of noncompliance. Thompson, 2015 WL 3824254, at *3 (citing Antonmarchi v. Consol. Edison Co. of N.Y., Inc., 514 F. App'x 33, 35 (2d Cir. 2013)). "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." In re Fosamax Prods. Liab. Litig., No. 06 MDL 1789, 2013 WL 1176061, at *2. That standard has certainly been met here, where multiple Orders have been issued on the same subject, over a period of more than a year. The issuance of the June 19, 2015 Opinion shows that lesser sanctions have been tried and failed, and that Thompson was certainly on notice of the showing required of him.

6

Having failed to comply with his Rule 26 obligations and the Orders of this Court, the Plaintiff will be precluded from presenting any evidence with respect to damages other than that produced so far in discovery and that which is produced in accordance with this Order.

**The Motion to Extend Discovery is also Granted**

The Plaintiff seeks an extension of discovery because the Defendants have not produced representatives for depositions pursuant to Fed. R. Civ. P. 30(b)(6). (See Dkt. No. 77.) "A trial court enjoys wide discretion in its handling of pre-trial discovery," Biosafe-One, Inc. v. Hawks, 379 F. App'x 4, 9 (2d Cir. 2010), and may extend or limit discovery deadlines where there is good cause to do so. See Peterson v. Home Depot U.S.A., Inc., No. 11 Civ. 5747, 2013 WL 5502816, at *2. The motion to extend discovery is granted for the limited purpose of carrying out the previously-noticed Rule 30(b)(6) depositions of the Defendants, which will be completed within 45 days. Any further discovery will be permitted only after application to the court and for good cause shown. Any dispositive motion will be filed by January 1, 2016.

7

It is so ordered.

New York, NY
November 20, 2015

ROBERT W. SWEET
U.S.D.J.